IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 5 2002

Michael N. Milby
Clerk of Court

|  |  |
|---|---|
| ACCUTEL OF TEXAS, INC.,<br>BUY-TEL COMMUNICATIONS, INC.,<br>DIAMOND TELCO, INC.,<br>MAX-TEL COMMUNICATIONS, INC.,<br>QUICK-TEL COMMUNICATIONS, INC.<br>R TEX COMMUNICATIONS GROUP INC.,<br>ROSEBUD COTTON COMPANY,<br>ROSEBUD TELEPHONE, LLC, and<br>TIN CAN COMMUNICATIONS CO., LLC,<br><br>    PLAINTIFFS,<br><br>VS.<br><br>SOUTHWESTERN BELL<br>TELEPHONE, L.P.<br><br>    DEFENDANT. | CIVIL ACTION NO.  **B-02- ·U54** |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Southwestern Bell Telephone, L.P. files this notice of removal under 28 U.S.C. §1446(a).

### A. Introduction

1.    Plaintiffs are Accutel of Texas, Inc.; Buy-Tel Communications, Inc.; Diamond Telco, Inc.; Max-Tel Communications, Inc.; Quick-Tel Communications, Inc.; R Tex Communications Group Inc.; Rosebud Cotton Company, Rosebud Telephone LLC; and Tin Can Communications Co., LLC.  Defendant is Southwestern Bell Telephone, L.P.

2.    On February 22, 2002, Plaintiffs filed suit against Defendant in the District Court, 107th Judicial District, Cameron County, Texas.  Plaintiffs allege that SWBT has overcharged them for processing certain electronic orders from Plaintiffs for services that SWBT provides to Plaintiffs and other competitors of SWBT.

3.    Defendant was served with the suit on March 1, 2002.  Defendant filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

### B.  Basis for Removal

4.    Removal is proper because Plaintiffs' suit involves a federal question.  28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. Of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996).  Specifically, their claims, although couched in terms of state law, necessarily depend on the resolution of a substantial question of federal law under the Federal Telecommunications Act of 1996.

5.    All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

6.    Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

7.    Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### C.  Jury Demand

8.    Plaintiffs did not demand a jury in the state court action.

### D.  Conclusion

9.    Defendant prays that this Court take jurisdiction of this action to its conclusion and final judgment, to the exclusion of any further proceedings in the state court, in accordance with law.

Respectfully submitted,


By: _____
Geoffrey Amsel  w/ permission McFarland
Attorney in Charge
Texas State Bar No. 01161570
Southern District of Texas Bar No. 22716
1010 N. St. Mary's Street, Room 1403
San Antonio, Texas 78215
Telephone: (210) 886-4805
Telecopier: (210) 222-7194


RODRIGUEZ, COLVIN & CHANEY, L.L.P.


By: _____
Eduardo Roberto Rodriguez  w/ permission McFarland
Texas State Bar No. 17144000
Southern District of Texas Bar No. 1944
Mitchell C. Chaney
Texas State Bar NO. 04107500
Southern District of Texas Bar No. 1918
R. Patrick Rodriguez
Texas State Bar No. 24002861
Southern District of Texas Bar No. 22949
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telecopier: (956) 541-2170


ATTORNEY FOR DEFENDANT
SOUTHWESTERN BELL TELEPHONE, L.P.

## CERTIFICATE OF SERVICE

On this 25th day of March, 2002, a true and correct copy of **Defendant's Notice of Removal** was served by certified mail, return receipt requested upon the following:

Christopher Malish
Foster & Malish, LLP
1403 West Sixth Street
Austin, Texas 78703
*Attorney for Plaintiff*

Geoffrey Amsel *by permission merbetan*

**CERTIFIED COPY**

NO. _2002·02·799·A_

FILED _3:02_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST CLERK

FEB 2 2 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

_____ DEPUTY

| | | |
|---|---|---|
| ACCUTEL OF TEXAS, INC., | § | IN THE DISTRICT COURT OF |
| BUY-TEL COMMUNICATIONS, INC., | § | |
| DIAMOND TELCO, INC., | § | |
| MAX-TEL COMMUNICATIONS, INC., | § | |
| QUICK-TEL COMMUNICATIONS, INC., | § | |
| R TEX COMMUNICATIONS GROUP INC., | § | |
| ROSEBUD COTTON COMPANY, | § | |
| ROSEBUD TELEPHONE, LLC, and | § | CAMERON COUNTY, TEXAS |
| TIN CAN COMMUNICATIONS CO., LLC, | § | |
| plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN BELL | § | |
| TELEPHONE L.P. | § | |
| defendant. | § | 107th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs complain of Southwestern Bell Telephone, L.P. ("Southwestern Bell") and for cause of action show as follows:

### I.
### PARTIES

1.   Plaintiff AccuTel of Texas, Inc. d/b/a 1-800-4-A-PHONE is a Texas corporation headquartered in Dallas, Dallas County, Texas.

2.   Plaintiff Buy-Tel Communications, Inc. is a Texas corporation headquartered in Colleyville, Tarrant County, Texas.

3.   Plaintiff Diamond Telco, Inc. d/b/a Diamond Telco-Your Home Telephone Store is a Texas corporation headquartered in San Benito, Cameron County, Texas.

4.   Plaintiff Max-Tel Communications, Inc. is a Texas corporation headquartered in Alvord, Texas.

1

CERTIFIED
COPY

5.    Plaintiff Quick-Tel Communications, Inc. is a Texas corporation headquartered in Bridgeport, Wise County, Texas.

6.    Plaintiff R TEX Communications Group, Inc. is a Texas corporation headquartered in Whitesboro, Grayson County, Texas.

7.    Plaintiff Rosebud Cotton Company is a Texas corporation headquartered in Rosebud, Falls County, Texas.

8.    Plaintiff Rosebud Telephone, LLC d/b/a Rosebud Telephone is a Texas limited liability company headquartered in Rosebud, Falls County, Texas. Rosebud Cotton Company is a Texas corporation headquartered in Rosebud, Falls County, Texas.

9.    Plaintiff Tin Can Communications Co., L.L.C., is a Texas limited liability company headquartered in Houston, Harris County, Texas.

10.   Each plaintiff is a "Competitive Local Exchange Carrier", or "CLEC" – a business attempting to compete with Southwestern Bell in a local service area which Southwestern Bell currently dominates. Each is authorized to provide competitive local telephone service in Texas by the Public Utility Commission of Texas ("PUC"). In addition to the plaintiffs named above, there are currently about 460 other similarly situated CLECs currently authorized by the PUC to resell telephone service in Texas. However, not all of the entities currently certificated have resold Southwestern Bell services, and there may be entities now de-certified which have resold Southwestern Bell services since 1997. Plaintiffs will move in a separate document to have this litigation proceed as a class action with the

2



named plaintiffs serving as class representatives.    The class which plaintiffs seek to represent is composed of all those Competitive Local Exchange Carriers ("CLECs") with less than $25 million in assets which have resold services provided by Southwestern Bell in Texas since 1997 and have paid Southwestern Bell more than the rates set out by the PUC for operation support systems ("OSS") functions.

11.    Defendant Southwestern Bell Telephone L.P. ("Southwestern Bell") is a Texas limited partnership with its principal place of business in San Antonio. Its registered agent is David C. Welsch, who can be served with process at 530 McCullough, San Antonio, Texas 78215. Southwestern Bell Telephone, L.P. is the successor in interest to Southwestern Bell Telephone Company, the entity with which each plaintiff has contracted to obtain services for resale.

## II.
## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this suit (1) because the acts or omissions which are the basis for this suit took place and continue to happen in Texas, (2) all named plaintiffs and many, if not most, members of the class sought to be represented are Texas entities, and (3) defendant has its principal place of business in Texas. There is no federal question presented in any of plaintiffs' claims. Venue is appropriate in Cameron County because Southwestern Bell is the incumbent local exchange carrier ("ILEC") in Cameron County, where it has thousands of customers, and many of the acts or omissions which are the basis for this suit took place in Cameron County.

## III.
## DISCOVERY PLAN

13.    This cause is expected to be conducted under a Level 3 court-ordered discovery control plan.

3



## IV.
## FACTS

14.     This is a suit for damages related to fee overcharges by Southwestern Bell and its predecessors in interest. Plaintiffs are resellers of local telephone services provided by Southwestern Bell. Since 1998 Southwestern Bell has bilked them out of millions of dollars by overcharging for certain service fees. In some instances, the fees charged by Southwestern Bell were ***nearly ten times higher than*** the rate approved by the Texas Public Utility Commission ("PUC" or "Commission"), the state agency charged with setting appropriate rates in the industry. Because Southwestern Bell's actions were unfair and unconscionable trade practices and were made for the purpose of illegally maintaining a monopoly, this suit also includes claims under the Deceptive Trade Practices Act and state anti-trust laws.

15.     **Regulatory Background.**

Because of the potential harm posed to the general public from monopolies, the telecommunications industry has been tightly regulated for nearly a century by Federal and state agencies. Since the 1980s, both the Federal and state governments have taken measures to increase competition. Federal anti-trust action in the early 1980s brought about the breakup of the Bell System and resulted in increased competition in the long-distance telephone service market. In 1996, Congress passed the Federal Telecommunications Act ("FTA") in an attempt to break up local telephone service monopolies run by "Incumbent Local Exchange Carriers" (or "ILECS"), such as Southwestern Bell, and introduce competition to the local telephone service market.

4

CERTIFIED
COPY

16.   The FTA opens up the local telephone service market in three ways: by requiring **interconnection** between all carriers, access by competitors to .**unbundled network elements** ("UNEs") of the incumbents' systems, and **resale** of the incumbent's services.

17.   First, the FTA forces the Incumbent Local Exchange Carriers ("ILECS"), such as Southwestern Bell, to allow competitors to **interconnect** with their systems (so that the small competitor's customers can connect with Southwestern Bell's customers).

18.   Second, it requires ILECS, such as Southwestern Bell, to allow small competitors the use of unbundled components of the incumbent's network for just and reasonable rates. Local telephone service is made possible by a network of transmission facilities connected by switching devices – big computers – and involves transporting calls within a local area, including any additional features provided, such as caller I.D. and call waiting, as well as connecting the local network to long distance carriers. Providing local telephone service requires not only these network components, but also the systems that make it possible to complete initial ordering and provisioning for telephone service as well as suspension of service and subsequent service restoral. These systems are called **operation support systems** ("OSS"), and include the background software systems used by the incumbent to manage pre-ordering, ordering, provisioning, billing, and repair functions. Obviously, the small competing companies, the CLECs, cannot provide service if they cannot access these systems. Thus, the FTA requires ILECS, such as Southwestern Bell, to allow small competitors to use whatever parts of the incumbent's network and operating systems they need to use to provide local service in exchange for just and reasonable rates.

5

**CERTIFIED COPY**

19.    Third, the FTA requires incumbents like Southwestern Bell to offer their retail services at wholesale rates to CLEC businesses that resell those services.

20.    When incumbents like Southwestern Bell and would-be competitor CLECs cannot agree on "reasonable rates" for the services that Southwestern Bell must provide, the state regulatory body – here, the Public Utility Commission – arbitrates the dispute. The FTA became effective in February 1996. Soon thereafter, several proceedings—collectively referred to as the SWBT Mega-Arbitrations—were initiated and consolidated at the PUC for the purpose of arbitrating the first interconnection agreements in Texas under the new federal statute.

21.    In November 1996, the PUC Commissioners issued the Phase-I Mega-Arbitration Award establishing interim rates for (among other things) network elements. The final Phase-II Mega-Arbitration Award issued in December 1997 established permanent rates for network elements and resolved other pricing issues. Among the prices set by the PUC's arbitration award were rates for the purchase of certain operating support systems services ("OSS") functions which competitors needed to connect to the system. The charges which apply to a standard residential customer account are set out in the table below.

| OSS Function Purchased | PUC Ordered Charge |
|---|---|
| Residential Simple Manual Service Ordering | $5.00 |
| Residential Simple Electronic Service Ordering | $2.58 |
| Suspend/Restore Simple | $2.56 |
| Conversion Order Simple Manual | $2.56 |
| Conversion Order Mechanized/Elec | $2.56 |

6

**CERTIFIED COPY**

22.    **Facts of this suit**.

Defendant Southwestern Bell is an incumbent local exchange carrier. It has what amounts to monopoly power in the service areas in which plaintiffs seek to do business. Each of the plaintiffs in this suit are CLECs, small businesses attempting to compete with Southwestern Bell in providing local telephone service in various service areas in Texas. In order to do so, they must interconnect with Southwestern Bell's system and use some of Southwestern Bell's network elements or operating support systems functions. As discussed above, the Texas PUC has set the rates for the use of those network elements or operating support systems functions. However, each of the plaintiff CLECs has been overcharged by Southwestern Bell for the use of several of these services. The table below sets out certain particular charges set by the PUC and what Southwestern Bell actually charged the CLECs for their resale accounts:

| OSS Function Purchased | PUC Ordered Charge | Actual Charge by SWBT |
|---|---|---|
| Residential Simple Manual Service Ordering | $5.00 | $14.96 |
| Residential Simple Electronic Service Ordering | $2.58 | $14.96 |
| Suspend/Restore Simple | $2.56 | $25.00 |
| Conversion Order Simple Manual | $2.56 | $16.65 |
| Conversion Order Mechanized/Electronic | $2.56 | $5.00 and above |

7

CERTIFIED
COPY

Rather than charge the rates ordered by the PUC, Southwestern Bell deliberately ignored the PUC's order and instead charged resellers of its telecommunications services another rate. Southwestern Bell's overcharges are frequently hidden among other charges in paper bills almost impossible to find and recognize upon timely audit. When questioned about the overcharges, Southwestern Bell employees have insisted that they are the legal rates when Southwestern Bell knows they are not legal or reasonable.

## IV. FIRST CAUSE OF ACTION - DECEPTIVE TRADE PRACTICES

23.     **DTPA Standing.**  The plaintiff CLECs are consumers of Southwestern Bell's services. Resale of services constitutes a "use" within the meaning of the Deceptive Trade Practices Act, and thus a buyer of services for resale is a "consumer" within the meaning of the Act. *See Big H Auto Auction, Inc. v. Saenz Motors*, 665 S.W.2d. 756 (Tex. 1984).


24.     **Enumerated violations.**  SBC's acts and omissions, described above, constitute the following false, misleading, or deceptive trade practices specifically enumerated under TEX. BUS. & COMM. ACT ANN. §17.46 (b):

    1.     "causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of ... services" (§17.46 (b)(2));

    2.     "representing that ... services have sponsorship, approval, characteristics, ingredients, uses, .... which they do not have ..." (§17.46 (b)(5));

    3.     "representing that ... services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another" (§17.46 (b)(7));

8

4.  "advertising goods or services with intent not to sell them as advertised" (§17.46 (b)(9));

5.  "making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions" (§17.46 (b)(11)); and

6.  "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law" (§17.46 (b)(12)).

25. **Unconscionable course of action.** Southwestern Bell's acts and omissions, described above, also constitute acts or practices which, to the consumer CLECs' detriment, took and takes advantage of the lack of knowledge, ability, experience, or capacity of consumer CLECs to a grossly unfair degree, because in order to do business, the CLECs must have access to Southwestern Bell's system. Although the CLECs are more knowledgeable than the average residential end user, the CLECs are for the most part small businesses, unsophisticated and of limited resources compared to Southwestern Bell. Southwestern Bell coerces the CLEC into paying excessive fees with the threat of simply not providing service to the CLEC (and thus destroying the CLEC) if it does not pay the fees. Therefore, Southwestern Bell's acts and omissions described above amount to unconscionable action or course of action under TEX. BUS. & COMM. ACT ANN. §17.45(5).

26  **Claim for damages under the DTPA.** Southwestern Bell's engaging in acts or omissions that are specifically enumerated under TEX. BUS. & COMM. ACT ANN. §17.46 (b) as false, misleading, or deceptive trade practices and as unconscionable actions or courses of

9

CERTIFIED
COPY

action under TEX. BUS. & COMM. ACT ANN. §17.45(5) has produced economic damages to plaintiff CLECs. Accordingly, plaintiff CLECs bring suit against SBC under TEX. BUS. & COMM. ACT ANN. §§17.50(a)(1) and (3) to recover their economic damages, attorneys fees, costs, and other relief as permitted by TEX. BUS. & COMM. ACT ANN. §17.50(b)-(h). In addition, since the conduct of Southwestern Bell was committed with actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer CLECs' claim, Southwestern Bell's conduct was committed knowingly under TEX. BUS. & COMM. ACT ANN. §17.45(9), and plaintiff CLECs therefore seek three times the amount of their economic damages as permitted by TEX. BUS. & COMM. ACT ANN. §17.50(b)(1).

## V. SECOND CAUSE OF ACTION -
## UNJUST ENRICHMENT/MONEY HAD AND RECEIVED

27. The law implies a promise to repay money when one person obtains the money of another through fraud, mistake of fact, duress, or undue influence (*Barrett v. Ferrell,* 550 S.W.2d 138 (Tex. App. – Tyler 1977)); or when the money of another is obtained in violation of a law (*First State Bank of Bedford v. Miller,* 563 S.W.2d 572 (Tex. 1978)). As shown above, Southwestern Bell used its position of relative strength compared to the CLECs to extort charges from the CLEC of up to nearly ten times higher than those legally authorized by the PUC. Southwestern Bell thus holds money that in equity and good conscience belongs to the plaintiffs. *See Staats v. Miller,* 243 S.W.2d 686 (Tex. 1951).

## VI.
## THIRD CAUSE OF ACTION: STATE ANTI-TRUST

28. Southwestern Bell seeks to avoid competition in its local telephone markets. By forcing

10

CERTIFIED
COPY

potential customers like the plaintiff CLECs in this cause to pay more than the legally ordered rates, Southwestern Bell drives up the cost of entry for those providers, thwarts their ability to attract new customers, and makes it difficult for these businesses to operate. Southwestern Bell's illegal and willful maintenance of monopoly power is demonstrated by this anti-competitive conduct. These acts are violations of TEX. BUS. & COM. CODE ANN. §15.05. Accordingly, plaintiff CLECs bring suit under TEX. BUS. & COM. CODE ANN. §15.21 for their actual damages sustained, treble damages, costs, and attorney's fees.

**WHEREFORE**, plaintiffs respectfully request that the Court:

1.    render judgment against defendant;

2.    assess costs against defendant;

3.    award plaintiffs their economic damages;

4.    award plaintiffs up to three times their economic damages;

5.    award plaintiffs attorney's fees; and

6.    award plaintiffs all other relief to which they may show themselves entitled.

Respectfully submitted,

Mark Foster
Christopher Malish
Foster & Malish, L.L.P.
1403 West Sixth Street
Austin, Texas 78703
(512) 476-8591
(512) 477-8657 fax

By:_____
Christopher Malish
State Bar No. 00791164

Attorneys for plaintiffs

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
BY_____ DEPUTY

11

CERTIFIED
COPY

NO. *2002.02.799.A*

FILED *1602* 16 o'2LOCK P M
AURORA DE LA GARZA DIST. CLERK

FEB 2 2 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

| | | |
|---|---|---|
| ACCUTEL OF TEXAS, INC., | § | IN THE DISTRICT COURT OF |
| BUY-TEL COMMUNICATIONS, INC., | § | |
| DIAMOND TELCO, INC., | § | |
| MAX-TEL COMMUNICATIONS, INC., | § | |
| QUICK-TEL COMMUNICATIONS, INC., | § | |
| R TEX COMMUNICATIONS GROUP INC., | § | |
| ROSEBUD COTTON COMPANY, | § | |
| ROSEBUD TELEPHONE, LLC, and | § | CAMERON COUNTY, TEXAS |
| TIN CAN COMMUNICATIONS CO., LLC, | § | |
|     plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN BELL | § | |
| TELEPHONE L.P. | § | *D 7th* JUDICIAL DISTRICT |
|     defendant. | § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:    Defendant Southwestern Bell Telephone, L.P.

You are respectfully requested to provide verified answers to the attached interrogatories

propounded by plaintiffs within thirty days, pursuant to Tex. R. Civ. P. 197.2.

Respectfully submitted,

Foster & Malish, L.L.P.
1403 West Sixth Street
Austin, Texas 78703
(512) 476-8591
(512) 477-8657/fax

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TE
BY *Maria de Jesus Garcia* DE

By: _____
Christopher Malish
State Bar No. 00791164

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## IN AID OF CLASS CERTIFICATION

1.    Please identify each competitive local exchange carrier ("CLEC") entity to which you have resold telephone services in Texas since 1998.

For each entity, please list:

a.    Name of entity
b.    Contact information for entity: address, telephone number, fax, email
c.    Contact person at that entity, including name, address, telephone number, fax, and email address, if different from a., above.
d.    The nature of the services resold
e.    The fee charged that entity for each of the following **operation support systems** ("OSS") functions:

| OSS Function Purchased |
|---|
| Residential Simple Electronic Service Ordering |
| Residential Simple Manual Service Ordering |
| Suspend/Restore Simple |
| Conversion Order Simple Manual |
| Conversion Order Mechanized/Elec |

If the fee charged for any of these functions changed over time, please indicate chronologically the fee charged for the function at any given time.  For example, 1/1/98-3/1/98: $1.00; 3/1/98-12/1/98: $2.00; 12/1/98 to present, $3.00.

f.    the number of times or instances such fees were charged at each rate for each service listed in e., above

Citation for Personal Service – NON-RESIDENT NOTICE    Lit. Seq. # 5.010.01

No. 2002-02-000799-A

DELIVERED BY ____
DATE 03-01-02

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. you or your attorney do not file a written answer with the clerk who issued t citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may taken against you.

TO: SOUTHWESTERN BELL TELEPHONE L.P.
    SERVING ITS AGENT:
    DAVID C. WELSCH
    530 MCCCULLOUGH
    SAN ANTONIO, TX 78215

the ____DEFENDANT____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of s. county in Brownsville, Texas. Said ____PETITION____ was filed on FEBRUARY 22, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-02-000799-A.

The style of the case is:

ACCUTEL OF TEXAS, INC., ET AL.
VS.
SOUTHWESTERN BELL TELEPHONE L.P.

Said petition was filed in said court by ____CHRISTOPHER MALISH____
(Attorney for ____PLAINTIFF____ ), whose address is
1403 WEST SIXTH STREET AUSTIN, TX 78703

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according t requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 22nd day of FEBRUARY , A.D. 2002.

AURORA DE LA GARZA            DISTRICT CLER
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____            Deputy

DELIVERED THIS ____ DAY OF ____
____
PROFESSIONAL CIVIL PROCESS

RUN DATE 03/21/02
RUN TIME 3:45 PM

**CERTIFIED COPY**

ACCUTEL OF TEXAS, INC., ET AL.

VS

SOUTHWESTERN BELL TELEPHONE L.P.

\* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \*

00610401
CHRISTOPHER MALISH
1403 WEST SIXTH STREET
AUSTIN, TX                    78703 0000

(10)

DAMAGES

02/22/02  ORIGINAL PETITI
02/22/02  CITATION: SOUTH
          L.P.
02/22/02  SERVED:
02/22/02  JURY FEE: Pd. b
03/20/02  MTN FOR SUBSTII
03/20/02  AFFIDAVIT OF LA

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ DEPUTY

CAMERON COUNTY, TEXAS
DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 5 2002

Michael N. Milby
Clerk of Court

ACCUTEL OF TEXAS, INC.,
BUY-TEL COMMUNICATIONS, INC.,
DIAMOND TELCO, INC.,
MAX-TEL COMMUNICATIONS, INC.,
QUICK-TEL COMMUNICATIONS, INC.
R TEX COMMUNICATIONS GROUP INC.,
ROSEBUD COTTON COMPANY,
ROSEBUD TELEPHONE, LLC, and
TIN CAN COMMUNICATIONS CO., LLC,

        PLAINTIFFS,

VS.

SOUTHWESTERN BELL
TELEPHONE, L.P.

        DEFENDANT.

CIVIL ACTION NO. B-02- U54

---

## INDEX TO DOCUMENTS ATTACHED TO NOTICE OF REMOVAL

A)    Plaintiffs' Original Petition

B)    Citation Papers

C)    Docket Sheet, 107th Judicial District, Cameron County

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 5 2002

Michael N. Milby
Clerk of Court

ACCUTEL OF TEXAS, INC.,
BUY-TEL COMMUNICATIONS, INC.,
DIAMOND TELCO, INC.,
MAX-TEL COMMUNICATIONS, INC.,
QUICK-TEL COMMUNICATIONS, INC.
R TEX COMMUNICATIONS GROUP INC.,
ROSEBUD COTTON COMPANY,
ROSEBUD TELEPHONE, LLC, and
TIN CAN COMMUNICATIONS CO., LLC,

    PLAINTIFFS,

VS.

SOUTHWESTERN BELL
TELEPHONE, L.P.

    DEFENDANT.

CIVIL ACTION NO.　**B-02- 054**

## <u>INDEX OF ATTORNEYS</u>

1)    Mark Foster
    Texas State Bar No. Unknown
    Southern District of Texas Bar No. Unknown
    Christopher Malish
    Texas State Bar No. 00791164
    Southern District of Texas Bar No. Unknown
    FOSTER & MALISH, L.L.P.
    1403 West Sixth Street
    Austin, Texas 78703
    Telephone: (512) 476-8591
    Telecopier: (512) 477-8657
    Attorneys for Plaintiffs

2)    Geoffrey Amsel
    Texas State Bar No. 01161570
    Southern District of Texas Bar No. 22716
    1010 N. St. Mary's Street, Room 1403
    San Antonio, Texas 78215
    Telephone: (210) 886-4805
    Telecopier: (210) 222-7194
    Attorneys for Defendant Southwestern Bell Telephone, L.P.

MIDWEST:9190.1　　　　　　　　　　-1-

3)    Eduardo Roberto Rodriguez
      Texas State Bar No. 17144000
      Southern District of Texas Bar No. 1944
      Mitchell C. Chaney
      Texas State Bar No. 04107500
      Southern District of Texas Bar No. 1918
      R. Patrick Rodriguez
      Texas State Bar No. 24002861
      Southern District of Texas Bar No. 22949
      RODRIGUEZ, COLVIN & CHANEY, L.L.P.
      1201 East Van Buren Street
      Post Office Box 2155
      Brownsville, Texas 78522
      Telephone: (956) 542-7441
      Telecopier: (956) 541-2170
      Attorneys for Defendant Southwestern Bell Telephone, L.P.

CAUSE NO. 2002-02-799-A

| | |
|---|---|
| ACCUTEL OF TEXAS, INC., | IN THE DISTRICT COURT |
| BUY-TEL COMMUNICATIONS, INC., | |
| DIAMOND TELCO, INC., | |
| MAX-TEL COMMUNICATIONS, INC., | |
| QUICK-TEL COMMUNICATIONS, INC. | |
| R TEX COMMUNICATIONS GROUP INC., | |
| ROSEBUD COTTON COMPANY, | |
| ROSEBUD TELEPHONE, LLC, and | |
| TIN CAN COMMUNICATIONS CO., LLC, | CAMERON COUNTY, TEXAS |
| | |
| PLAINTIFFS, | |
| | |
| VS. | |
| | |
| SOUTHWESTERN BELL | |
| TELEPHONE, L.P. | 107TH JUDICIAL DISTRICT |
| | |
| DEFENDANT. | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes defendant, Southwestern Bell Telephone, L.P. ("SWBT") and files this Notice of Removal. SWBT hereby notifies the Court and all parties that this case has been removed to the United States District Court for the Southern District of Texas, Brownsville Division. A copy of the removal papers filed in that court are annexed hereto as Exhibit A.

Respectfully submitted,


By: _~Geoffrey Amsel~_  w/ permission MChesten
Geoffrey Amsel
Attorney in Charge
Texas State Bar No. 01161570
Southern District of Texas Bar No. 22716
1010 N. St. Mary's Street, Room 1403
San Antonio, Texas 78215
Telephone: (210) 886-4805
Telecopier: (210) 222-7194


RODRIGUEZ, COLVIN & CHANEY, L.L.P.


By: _~Eduardo Roberto Rodriguez~_  w/ permission MChesten
Eduardo Roberto Rodriguez
Texas State Bar No. 17144000
Southern District of Texas Bar No. 1944
Mitchell C. Chaney
Texas State Bar No. 04107500
Southern District of Texas Bar No. 1918
R. Patrick Rodriguez
Texas State Bar No. 24002861
Southern District of Texas Bar No. 22949
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telecopier: (956) 541-2170


ATTORNEY FOR DEFENDANT
SOUTHWESTERN BELL TELEPHONE, L.P.

## CERTIFICATE OF SERVICE

On this 25th day of March, 2002, a true and correct copy of **Notice of Removal** was served by certified mail, return receipt requested upon the following:

Christopher Malish
Foster & Malish, LLP
1403 West Sixth Street
Austin, Texas 78703
*Attorney for Plaintiff*

Geoffrey Amsel