IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 8 2002

Michael N. Milby
Clerk of Court

ACCUTEL OF TEXAS, INC.,
BUY-TEL COMMUNICATIONS, INC.,
DIAMOND TELCO, INC.,
MAX-TEL COMMUNICATIONS, INC.,
QUICK-TEL COMMUNICATIONS, INC.
R TEX COMMUNICATIONS GROUP INC.,
ROSEBUD COTTON COMPANY,
ROSEBUD TELEPHONE, LLC, and
TIN CAN COMMUNICATIONS CO., LLC,

        PLAINTIFFS,

VS.

SOUTHWESTERN
BELL TELEPHONE, L.P.

        DEFENDANT.

CIVIL ACTION NO. B-02-054

## SOUTHWESTERN BELL TELEPHONE, L.P.'s
## MOTION TO DISMISS

    Pursuant to Federal Rule of Civil Procedure 12(b), Southwestern Bell Telephone, L.P.

("SWBT") files this motion to dismiss on the ground that this lawsuit is filed prematurely, and is

not yet ripe for adjudication. Specifically: (1) plaintiffs have failed to exhaust their

administrative remedies; and (2) under the controlling federal statute, primary jurisdiction over

this dispute rests with the Public Utility Commission of Texas ("PUCT") and then with the

appropriate District and Division of the federal district court in Texas statutorily designated to

review the PUCT's determination.

## INTRODUCTION

Plaintiffs AccuTel of Texas, Inc., et al. ("AccuTel") have brought this suit to challenge the rates that SWBT is charging for processing certain orders to resell SWBT telecommunications services to end-user customers. AccuTel fails to mention in its complaint, however, that the precise question at issue here _ whether SWBT has charged its wholesale customers such as AccuTel the appropriate service-order rates when those customers seek to resell SWBT's services _ is currently pending in arbitration proceedings before the PUCT. Under these circumstances, and pursuant to § 252(e)(6) of the Federal Telecommunications Act of 1996[1] ("FTA"), AccuTel's exclusive remedy is to exhaust the administrative procedures available before the PUCT and, if ultimately necessary, to bring suit in the appropriate District and Division of the federal district court to challenge the PUCT's determination.

On January 25, 2002, AccuTel obtained an Arbitration Award issued by an Arbitration Panel assigned to hear the dispute by the PUCT in Docket No. 24547. A certified copy of the PUCT docket sheet is attached and incorporated as Exhibit A. As reflected in the docket sheet, the Arbitration Award established a schedule pursuant to which SWBT and AccuTel could file comments by March 1 and the Arbitrators would address those comments by March 18. Rather than follow this orderly schedule established by the Arbitrators, AccuTel filed this action in state court on February 22.

---

[1] Pub. L. No. 104-104, 100 Stat. 56 (1996) (codified as amended in scattered sections of 47 U.S.C.) (hereinafter "FTA"). Section 252(e)(6) of the FTA provides: "In any case in which a State commission makes a determination under this section [47 U.S.C. § 252], any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the [interconnection] agreement ... meets the requirements of section 251 of this title and this section [47 U.S.C. § 252]."

## ARGUMENT

## I.

## Controlling Law

The proceedings that AccuTel instigated before the PUCT in Docket No. 24547 require determination of precisely the same substantial question under the FTA that AccuTel has raised in this lawsuit. The administrative proceedings are ongoing and unresolved, because the PUCT has not taken final action in the matter. Further, after the PUCT approves or rejects the interconnection agreement incorporating the Arbitrator's Award, the aggrieved party (whether SWBT or AccuTel) may bring suit in the appropriate federal district court to challenge the PUCT's determination. This is the process that Congress established in section 252 of the FTA, and it is this very process that AccuTel is attempting to subvert by bringing this untimely court challenge. AccuTel's lawsuit is premature because AccuTel has failed to exhaust the administrative remedies afforded it under federal law. Because the PUCT has yet to reach a final decision on the question whether SWBT has been charging the appropriate service-order rate for resale orders, and because venue for review of any such final decision would rest in a different federal court, this Court must dismiss this case, without prejudice, to permit the PUCT and the appropriate federal court to complete their work.[2]

---

[2] Indeed, depending on the final outcome of that process, some or all of the issues in AccuTel's lawsuit may become moot, because it fundamentally rests on one particular prediction of how the administrative process will end; namely, a determination that AccuTel is being charged too high a rate by SWBT.

-3-

The components of the federally mandated administrative process are as follows. First, the state commission, in this case the PUCT, arbitrates any open issues between the parties. *See* FTA § 252(b)(4)(A)(c); *GTE North, Inc. v. McCarty,* 978 F. Supp. 827, 831 (N.D. Ind. 1997). Second, an interconnection agreement conforming to the arbitration award must be submitted to the state commission for its review.  *See* FTA  § 252(e)(1); *McCarty,* 978 F.Supp. at 831. Third, the state commission must, within 30 days, either approve or reject any modification to the interconnection agreement resulting from the arbitration.  *See* FTA § 252(e)(4); *McCarty,* 978 F.Supp. at 831.  Finally, any party aggrieved by the state commission's ruling may challenge that determination exclusively in the appropriate federal district court pursuant to the express language of section 252(e)(4) and (e)(6) of the FTA.

## II.

## Failure to Exhaust of Administrative Remedies

In this case, only the first two steps have been completed by the lead plaintiff, AccuTel of Texas, Inc. The other plaintiffs have failed even to *begin* the process of administrative review, despite their obligation to do so under both federal law and the terms of their contracts.  Each of the plaintiffs' interconnection agreements with SWBT contains a provision binding the parties to arbitrate rate disputes before the PUCT.[3]

Although the Arbitrators have issued an award in AccuTel's favor, and SWBT and AccuTel have jointly submitted an interconnection agreement with conforming language, the underlying award remains subject to review by the PUCT as it considers whether the interconnection agreement resulting from this arbitration "meet[s] the requirements of section 251, including the regulations prescribed by the [Federal Communications] Commission

---

[3] True and correct copies of the relevant pages of the interconnection agreements and/or signature pages are attached as Exhibit B.

pursuant to section 251, or the standards set forth in subsection (d) of this section" relating to pricing. FTA § 252(e)(2)(B). Because the parties' conforming interconnection agreement has not been reviewed by the PUCT, no determination has been made by the PUCT to approve or reject the arbitrators' order. Thus, it is not yet known how the PUCT will ultimately resolve the dispute between AccuTel and SWBT in the ongoing PUCT Docket No. 24547.

Even if this matter had been filed in the appropriate District and Division of the federal district court designated to hear appeals from state commissions in FTA proceedings, the jurisdictional provision embodied in § 252(e)(6) would not permit judicial review of interlocutory orders of arbitration panels.. *See AT&T, Inc. v. Southwestern Bell Tel. Co.*, 38 F.Supp.2d 902, 903-04 (D. Kan. 1999) (dismissing appeal where state commission had not issued final order); *GTE North, Inc.*, 209 F.3d at 916 (explaining that §252(e)(6) "circumscribes federal judicial review of interlocutory order issued in FTA ...proceedings") (citing *Connors v. Amax Coal Co.*, 858 F.2d 1226, 1229-30 (7th Cir. 1988)).[4] Further, the courts typically will decline review of agency action for lack of finality, lack of ripeness, or failure of plaintiff to exhaust its administrative remedies. *See, e.g., American Airlines v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999). Here, of course, there is no final order of the PUCT, and statutory appeal to a reviewing federal court is not yet available. Because the PUCT has not yet issued a final appealable order in PUCT Docket No. 24547, and because the aggrieved party, if any, will have the opportunity to seek judicial review in the appropriate federal court, this Court should dismiss AccuTel's complaint on the grounds that it has failed to exhaust administrative remedies.

---

[4] Several other district courts otherwise properly presented with appeals from state commission FTA proceedings have recognized that it is inappropriate to review an FTA §252(e)(6) complaint where the state commission has not reviewed and approved a final interconnection agreement. *See McCarty*, 978 F.Supp. at 836; *GTE South, Inc. v. Morrison*, 957 F.Supp. 800, 805 (E.D. Va. 1997); *GTE South, Inc. v. Breathirr*, 963 F.Supp. 610, 612 (E.D. Ky. 1997); *GTE Florida, Inc. v. Johnson*, 964 F.Supp. 333, 335 (N.D. Fla. 1997).

## III.

### Primary Jurisdiction

This Court should also dismiss the complaint under the doctrine of primary jurisdiction. This doctrine requires suspension of judicial process until the appropriate administrative body completes its required review. *Northwinds Abatement v. Employees Ins. Co.*, 69 F.3d 1304 (5th Cir. 1995); *CF Indus. v. Transcontinental Gas Pipe Line Corp.*, 614 F.2d 33, 35 (4th Cir. 1980) (doctrine of primary jurisdiction reconciles functions of administrative agencies with judicial functions of the courts). The doctrine:

> applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*United States v. Western Pac. R.R.*, 352 U.S. 59, 64 (1956). *See also In re Bulldog Trucking, Inc.*, 66 F.3d 1390, 1399 (4th Cir. 1995). As the Supreme Court explained in *Western Pacific*, "[n]o fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Western Pacific*, 352 U.S. at 64.

"[T] he factors relevant to application of the doctrine . . . [include] whether the issues of fact raised in the case are not within the conventional experience of judges; or whether the issues of fact require the exercise of administrative discretion, or require uniformity and consistency in the regulation of the business entrusted to a particular agency." *Mical Communications, Inc. v. Sprint Telemedia, Inc.*, 1 F.3d 1031, 1038 (10th Cir. 1993) (citations and internal quotation

marks omitted).  These factors all strongly support the application of the primary-jurisdiction doctrine in this case.

One of the central questions here is what rates the PUCT actually established for processing service orders for resale telecommunications services.  See Complaint ¶¶ 21-22. AccuTel's entire case rests on the assertion that SWBT has somehow been charging AccuTel rates for processing resale orders that are different from those that the PUCT has already approved.  But that very issue is not only a matter that lies "within the special competence" of the PUCT, but it is an issue that AccuTel itself has already placed before the PUCT for resolution.  As discussed earlier, plaintiffs all have interconnection agreements with SWBT requiring them to follow this administrative procedure.  AccuTel of Texas, Inc. has begun the required process, but is now trying to avoid it.  The other plaintiffs have not even begun the administrative steps required both under their contracts and by the FTA.  Courts have frequently cited the pendency of such parallel proceedings as providing further reason for recognizing an agency's primary jurisdiction.   *See, e.g., Mical Communications*, 1 F.3d at 1040 (ordering district court to stay proceedings pending FCC decision and noting that the "precise issue is pending before the FCC now"); *Total Telecomm. Servs., Inc. v. AT&T*, 919 F. Supp. 472, 478-79 (D.D.C. 1996).  Thus, deferring to the PUCT will not delay resolution of this matter or prejudice the parties. This Court should exercise its sound discretion and defer to the PUCT and the duly designated federal court to resolve this administrative issue before entertaining this case.

## **CONCLUSION**

For the above reasons, SWBT respectfully requests that this Court grant SWBT's motion to dismiss.

Respectfully submitted,

By: _Geoffrey Amsel_ w/ permission McContoull
Geoffrey Amsel
Attorney in Charge
Texas State Bar No. 01161570
Southern District of Texas Bar No. 22716
1010 N. St. Mary's Street, Room 1403
San Antonio, Texas 78215
Telephone: (210) 886-4805
Telecopier: (210) 222-7194

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Eduardo Roberto Rodriguez_ w/ permission McContoull
Eduardo Roberto Rodriguez
Texas State Bar No. 17144000
Southern District of Texas Bar No. 1944
Mitchell C. Chaney
Texas State Bar NO. 04107500
Southern District of Texas Bar No. 1918
R. Patrick Rodriguez
Texas State Bar No. 24002861
Southern District of Texas Bar No. 22949
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telecopier: (956) 541-2170

ATTORNEY FOR DEFENDANT,
SOUTHWESTERN BELL TELEPHONE, L.P.

## CERTIFICATE OF SERVICE

On this 28th day of March, 2002, a true and correct copy of foregoing was served by certified mail, return receipt requested upon the following:

Christopher Malish
Foster & Malish, LLP
1403 West Sixth Street
Austin, Texas 78703

*Attorney for Plaintiff*

_____
Eduardo Roberto Rodriguez

Public Utility Commission Tx

List of Filings

CERTIFIED TO BE A TRUE AND CORRECT
COPY OF THE ORIGINAL ON FILE WITH THE
PUBLIC UTILITY COMMISSION OF TEXAS
GARVIS CUNNINGHAM
DIRECTOR OR RECORD SERVICES

BY: _____

DATE: _3-20-02_

11/20/01

| Control No: | Item No: | Item Type: | Party: | Date Filed: | Description: |
|---|---|---|---|---|---|
| 24547 | 1 | PL | ACCUTEL OF TEXAS, INC. | 8/22/01 | PETITION OF ACCUTEL OF TEXAS, INC. dba 1-800-4-A-PHONE AND SOUTHWESTERN BELL TELEPHONE COMPANY FOR ARBITRATION PURSUANT TO SECTION 252(b) OF THE COMMUNICATIONS ACT OF 1934 |
| 24547 | 2 | PL | SWB | 8/27/01 | MOTION TO DISMISS PETITION FOR ARBITRATION |
| 24547 | 3 | PL | ACCUTEL OF TEXAS, INC. | 8/27/01 | ORDER NO. 1 SETTING PRE-HEARING CONFERENCE |
| 24547 | 4 | PL | PUC POLICY DEVELOPMENT | 9/12/01 | ORDER NO. 2 REVISING PROCEDURAL SCHEDULE |
| 24547 | 5 | PL | ACCUTEL OF TEXAS INC | 9/12/01 | NOTICE OF DISMISSAL OF DOCKET NO. 23721 |
| 24547 | 6 | PL | SWB | 9/14/01 | MOTION TO WITHDRAW ITS MOTION TO DISMISS PETITION FOR ARBITRATION |
| 24547 | 7 | PL | SWB | 9/14/01 | SWB PROPOSED PROCEDURAL SCHEDULE |
| 24547 | 8 | PL | ACCUTEL OF TEXAS, INC. | 9/17/01 | PROPOSED PROCEDURAL SCHEDULE |
| 24547 | 9 | PL | 1-800-4-A-PHONE | 9/19/01 | FIRST RFI TO SWB |
| 24547 | 10 | PL | 1-800-4-A-PHONE & SWB | 9/19/01 | NOTIFICATION OF AN AGREEMENT OF PARTIES TO ESTABLISH NEGOTIATION AND ARBITRATION TO HAVE BEGUN ON APRIL 25, 2001 WITH 160TH DAY TO RUN ON OCTOBER 2, 2001... |
| 24547 | 11 | PL | SWB | 9/19/01 | SWB'S Request for Protective Order |
| 24547 | 12 | PL | PUC POLICY DEVELOPMENT | 9/20/01 | ORDER NO.3 GRANTING WITHDRAWL OF MOTION TO DISMISS PETITION FOR ARBITRATION |
| 24547 | 13 | PL | PUC POLICY DEVELOPMENT | 9/25/01 | ORDER NO.4 ESTABLISHING PROCEDURAL SCHEDULE |
| 24547 | 14 | PL | KENNEDY REPORTING | 9/25/01 | TRANSCRIPT - PREHEARING CONFERENCE 1:36 PM, TUESDAY, AUGUST 28, 2001 PAGE 1-59 |
| 24547 | 15 | PL | KENNEDY REPORTING | 9/25/01 | TRANSCRIPT - TELEPHONIC PREHEARING CONFERENCE, 3:30 PM, MONDAY, SEPTEMBER 10, 2001 PAGE 1-19 |
| 24547 | 16 | PL | SWB | 9/28/01 | FIRST RFI TO ACCUTEL OF TEXAS, INC. DBA 1-800-4-A-PHONE |
| 24547 | 17 | PL | SWB | 9/28/01 | SWB OBJECTIONS TO ACCUTEL'S FIRST RFI |
| 24547 | 18 | PL | SWB | 9/28/01 | SWB RESPONSE TO PETITION FOR ARBITRATION |

Public Utility Commission Tx

List of Filings

03/01/2002

| Control No: | Item No: | Item Type: | Party: | Date Filed: | Description: |
|---|---|---|---|---|---|
| 24547 | 19 | PL | 1-800-4-A-PHONE | 10/05/2001 | NOTICE OF ASSOCIATION OF CO-COUNSEL |
| 24547 | 20 | PL | 1-800-4-A-PHONE | 10/05/2001 | MOTION TO COMPEL RESPONSES TO ITS 1ST RFI |
| 24547 | 21 | PL | SWB | 10/09/2001 | SWB RESPONSES TO 1-800-4-A-PHONE (ACCUTEL) |
| 24547 | 23 | PL | SWB | 10/10/2001 | MARK GENTLE RECEIVED A COPY OF THIS LETTER INDICATING RATE ANALYSIS BEING PROVIDED CONFIDENTIALLY (PUC STAFF DOES NOT HAVE A COPY) |
| 24547 | 24 | PL | KENNEDY REPORTING SERVICES | 10/11/2001 | TRANSCRIPT, PREHEARING CONFERENCE, 1:33 P.M., MONDAY, SEPTEMBER 17, 2001, PAGES 1 - 20 |
| 24547 | 25 | PL | SWB | | |
| 24547 | 26 | PL | SWB | 10/12/2001 | SWB's Response to AccuTel's Motion to Compel Responses to First Set of Requests for Information |
| 24547 | 27 | PL | SWB | 10/17/2001 | SUBMISSION OF ISSUES FOR DECISION POINT LIST |
| 24547 | 28 | PL | ACCUTEL OF TEXAS, INC. | 10/17/2001 | 1-800-4-A-PHONE'S INITIAL DECISION POINT LIST |
| 24547 | 33 | PL | SWB | 10/31/2001 | SWB DIRECT TESTIMONY OF ROMAN A. SMITH |
| 24547 | 44 | PL | ACCUTEL OF TEXAS | 11/13/2001 | ACCUTEL OF TEXAS, INC. DBA 1-800-4-A-PHONE'S THIRD SUPPLEMENTAL RESPONSE TO SWBT'S FIRST SET OF RFIS |
| 24547 | 46 | PL | SWB | 11/20/2001 | SWBT'S FINAL DECISION POINT LIST |
| 24547 | 47 | PL | 1-800-4-A-PHONE | 11/20/2001 | PETITIONER'S ADDITION TO DECISION POINT LIST |
| 24547 | 49 | PL | SWB | 11/20/2001 | SWBT'S MOTION FOR CONTINUANCE OF HEARING |
| 24547 | 53 | PL | SWB | 11/27/2001 | AMENDED DPL |
| 24547 | 54 | PL | KENNEDY REPORTING SERVICE | 11/30/2001 | TRANSCRIPT - PREHEARING CONFERENCE, FRIDAY, 11/16/01, 1:53 P.M., PAGES 1-38 |
| 24547 | 55 | PL | KENNEDY REPORTING SERVICE | 12/11/2001 | TRANSCRIPT - PREHEARING CONFERENCE, WEDNESDAY, NOVEMBER 21, 2001, 10:07 A.M., PAGES 1-27 |
| 24547 | 57 | PL | SWB | 12/14/2001 | Initial Brief |
| 24547 | 60 | PL | POLICY DEVELOPMENT | 01/25/2002 | Arbitration Award |
| 24547 | 61 | PL | KENNEDY REPORTING SERVICE | 01/25/2002 | TRANSCRIPT - HEARING ON MERITS, 9:50 A.M. WEDNESDAY, NOVEMBER 28, 2001 PAGE 1-152 |
| 24547 | 62 | PL | SWB | 02/04/2002 | Parties Joint Submission of Conforming Language. |

Public Utility Commission Tx

03/13/2002

List of Filings

| Control No: | Item No: | Item Type: | Party: | Date Filed: | Description: |
|---|---|---|---|---|---|
| 24547 | 63 | PL | PUC POLICY DEVELOPMENT | 02/06/2002 | ACKNOWLEDGEMENT OF RECEIPT PUBLIC NOTICE OF INTERCONNECTION AGREEMENT FILE NAME 0205A.052 |
| 24547 | 64 | PL | SWB | 03/01/2002 | Comments on Arbitration Award |
| 24547 | 65 | PL | PUC LEGAL | 03/04/2002 | REQUEST THAT SWB COUNSEL VOLUNTARILY PROVIDE COMPLETE PAPER COPIES OF ALL AUTHORITIES PRESENTED FOR THE FIRST TIME |
| 24547 | 66 | PL | SWB | 03/04/2002 | LETTER IN RESPONSE TO LETTER FILED MARCH 4, 2002 BY MR. FOSTER REGARDING SWB'S COMMENTS FILED ON MARCH 1, 2002 |
| 24547 | 67 | PL | PUC LEGAL | 03/06/2002 | ORDER NO. 6  REGARDING ACCUTEL  AND SWB |
| 24547 | 68 | PL | SWB | 03/08/2002 | ARBITRATION FOR INTERCONNECTION BETWEEN 1-800-4-A-PHONE AND SWB |
| 24547 | 69 | PL | 1-800-4-A-PHONE | 03/13/2002 | RESPONSE TO SWBT'S COMMENTS ON THE ARBITRATORS' DECISION |

EXHIBIT "B"

# INTERCONNECTION AGREEMENT-TEXAS

between

## Southwestern Bell Telephone Company

and

## AccuTel of Texas, Inc. d/b/a 1-800-4-A-PHONE

THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

Sign and Print Name: _____ Date

KEN WEAVER

CEO

Position/Title

**AccuTel of Texas, Inc.**
**d/b/a 1-800-4-A-PHONE**

OCN# 7821

Sign and Print Name: _____ Date

Larry B. Cooper

For/ President-Industry Markets
Position/Title

**Southwestern Bell Telephone Company**

## RESALE AGREEMENT BETWEEN
## SOUTHWESTERN BELL TELEPHONE COMPANY
## AND ACCUTEL OF TEXAS, INC.

This Agreement is between Southwestern Bell Telephone Company ("SWBT"), a Missouri corporation, and AccuTel of Texas, Inc. ("CLEC"), a Texas corporation, (collectively, "the Parties") entered into this _10th_ day of _November_ 1999.

WHEREAS, pursuant to the Telecommunications Act of 1996 (the "Act"), the Parties wish to establish terms for the purchase by CLEC of certain SWBT retail telecommunications services and certain other services for resale by CLEC to its local exchange end users in the State of Texas. Therefore, the Parties hereby agree as follows:

The geographic SCOPE of this Agreement shall include all exchanges served by SWBT in the state of Texas. This Agreement shall exclusively govern CLEC's purchases of the services which are the subject of this Agreement, including any Appendices, Exhibits, Attachments and/or Amendments hereto, in such state. By entering this Agreement CLEC agrees that it is purchasing services pursuant to this Agreement and not General Exchange Tariff (HB2128) and shall continue to abide by all terms of this Agreement unless terminated as provided herein.

I.    DESCRIPTION AND CHARGES FOR SERVICES

    A.    Attached hereto as Exhibit A is a list of Telecommunications Services currently available for resale at the wholesale discount rate set by the Commission through arbitration, i.e., 21.6% off the retail rate for each service. Except as otherwise expressed herein and consistent with SWBT's obligation under § 251(c)(4)(A) of the Act, CLEC may resell other Telecommunications Services offered by SWBT and not listed in Exhibit A. Exhibit B contains a list of other services available for resale at the discount included in the exhibit. Exhibit D contains volume and term discounts that SWBT will provide to CLEC pursuant to the Terms and Conditions of the Attachment. When those Terms and Conditions are met, such volume and term discount pricing will supercede those specific product prices otherwise contained herein.

    B.    SWBT shall make available for resale by CLEC SWBT's Bill Plus or Consolidated Billing service at a discount of five percent (5%) off SWBT's tariffed rate for each service (or in the event these services are not tariffed, at the rate SWBT charges its subscribers).

    C.    SWBT shall make available for resale by CLEC the following SWBT services at SWBT's tariffed rate for each service (or in the event a service

RESALE AGREEMENT - W/O BRANDING (TEXAS)
PAGE 42 OF 42
SWBT/ACCUTEL OF TEXAS. INC.
031599

THIS AGREEMENT CONTAINS A BINDING ARBITRATION AGREEMENT.

**ACCUTEL OF TEXAS, INC.**
**AECN/OCN: 7821**

_____
Signature

KEN WEAVER
_____
Printed Name

CEO
_____
Position/Title

11/8/99
_____
Date

**SOUTHWESTERN BELL TELEPHONE COMPANY**

_____
Signature

LARRY B CORS
_____
Printed Name

President – Industry Markets
_____
Position/Title

15/6/99
_____
Date

25010

# FOSTER & MALISH, L.L.P.
### ATTORNEYS AT LAW

**MARK FOSTER†**
**CHRISTOPHER MALISH**
†BOARD CERTIFIED ADMINISTRATIVE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

A REGISTERED LIMITED LIABILITY PARTNERSHIP
1403 WEST SIXTH STREET
AUSTIN, TEXAS 78703
(512) 476-8591
FAX (512) 477-8657
EMAIL: fostermalish@austin.rr.com

GOVERNMENTAL AFFAIRS CONSULTANTS:
MARTA GREYTOK**
HARRY M. SNYDER‡
‡ADMITTED IN KENTUCKY ONLY
**NOT ADMITTED TO PRACTICE LAW

November 15, 2001

VIA HAND DELIVERY

Filing Clerk
Central Records
Public Utility Commission of Texas
1701 N. Congress Ave.
Austin, Texas

RE:   Interconnection (T2A Agreement) between Buy-Tel Communications, Inc. and
      Southwestern Bell Telephone

Dear Sir or Madam:

Buy-Tel Communications, Inc. and Southwestern Bell Telephone have executed the
standard T2A interconnection agreement as of November 13, 2001. Attached for filing with the
Commission, please find the original and two copies of the signature page of that agreement.

Also attached are an additional three copies which I ask be file-marked and returned to me
via the courier delivering this letter to you.

Please let me know if anything else is needed.

Very truly yours,

Mark Foster

ENC.
cc:   Mr. Clyde Austin (w/ file-marked copy - via fax)
      Ms. Willena Hendley, Director - Contract Management SWBT (w/ file-marked copy - via
      fax 800-404-4548)

THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

Sign and Print Name:    Date
Clyde Austin

President
Position/Title

**Buy-Tel Communications, Inc.**

OCN/AECN# 8626

Sign and Print Name:    Date
Willena D. Hendley

For/ President-Industry Markets
Position/Title

**Southwestern Bell Telephone Company**

0214

**Max Yzaguirre**
Chairman

**Brett A. Perlman**
Commissioner

**Rebecca Klein**
Commissioner



**RECEIVED**

01 NOV 16 AM 10: 23

**W. Lane Lanford**
Executive Director

*Public Utility Commission of Texas*

PUBLIC UTILITY COMMISSION
FILING CLERK

TO: Mark Foster
Forster & Malish, LLP
1403 West Sixth Street
Austin, Texas 78703

Southwestern Bell Telephone Company
Contract Management
ATTN: Notices Manager
Four Bell Plaza, 9th Floor
311 S. Akard Street
Dallas, Texas 75202-5398

FROM: Mark Gentle
Administrative Law Judge
Policy Development Division

DATE: November 16, 2001

RE: DOCKET NO. 25010 - Interconnection Agreement of Buy-Tel Communications, Inc. and Southwestern Bell Telephone Company as Approved on October 13, 1999 in Project No. 16251, Order No. 55, Approving the Texas 271 Agreement (T2A)

On November 15, 2001, the above referenced parties filed a Texas 271 Agreement (T2A) in accordance with Order No. 55 in *Investigation of Southwestern Bell Telephone Company's Entry into the Texas InterLATA Telecommunications Market*, Project No. 16251 (Oct. 13, 1999). The Commission acknowledges that the signed Agreement between SWBT and Buy-Tel Communications, Inc. was effective by operation of law immediately upon the date of filing.

q:\share\opd\docket\ica\25010t2a

Printed on recycled paper An Equal Opportunity Employer

1701 N. Congress Avenue PO Box 13326 Austin, TX 78711 512/936-7000 Fax: 512/936-7003 web site: www.puc.state.tx.us

RESALE AGREEMENT

BETWEEN

SOUTHWESTERN BELL TELEPHONE COMPANY

AND

BUY-TEL COMMUNICATIONS, INC.

(TEXAS)

By their signatures in the space provided below, CLEC and SWBT indicate their acceptance of this Agreement. This agreement shall not bind CLEC and SWBT until executed by both Parties. This Agreement will be governed by and interpreted in accordance with the laws of the State of Texas.

THIS AGREEMENT CONTAINS A BINDING ARBITRATION AGREEMENT.

| DIAMOND TELCO - YOUR HOME TELEPHONE STORE | SOUTHWESTERN BELL TELEPHONE COMPANY |
|---|---|
| AECN/OCN: 7899 | |
| _Signature_ | _Signature_ |
| David Grassel | **Larry B. Cooper** |
| Printed Name | Printed Name |
| President | **Executive Director-Competitive Provider Account Team** |
| Position/Title | Position/Title |
| 2/18/98 | MAR 0 4 1998 |
| Date | Date |

# SWBT/ MAX-TEL COMMUNICATIONS, INC. INTERCONNECTION AGREEMENT AMENDED AS OF 02/16/00

**Max Yzaguirre**
Chairman

**Brett A. Perlman**
Commissioner

**Rebecca Klein**
Commissioner

**W. Lane Lanford**
Executive Director



## *Public Utility Commission of Texas*

TO:        Mark Foster
           Forster & Malish, LLP
           1403 West Sixth Street
           Austin, Texas 78703

           Southwestern Bell Telephone Company
           Contract Management
           ATTN: Notices Manager
           Four Bell Plaza, 9th Floor
           311 S. Akard Street
           Dallas, Texas 75202-5398

FROM:      Mark Gentle
           Administrative Law Judge
           Policy Development Division

DATE:      November 12, 2001

RE:        DOCKET NO. 25001 - Interconnection Agreement of Quick-Tel Communications,
           Inc. and Southwestern Bell Telephone Company as Approved on October 13, 1999 in
           Project No. 16251, Order No. 55, Approving the Texas 271 Agreement (T2A)

        On November 9, 2001, the above referenced parties filed a Texas 271 Agreement (T2A) in
accordance with Order No. 55 in *Investigation of Southwestern Bell Telephone Company's Entry into
the Texas InterLATA Telecommunications Market*, Project No. 16251 (Oct. 13, 1999). The
Commission acknowledges that the signed Agreement between SWBT and Quick-Tel
Communications, Inc. was effective by operation of law immediately upon the date of filing.

q:\share\opd\docket\ica\25001t2a

Printed on recycled paper                                                                An Equal Opportunity Emplo.

1701 N. Congress Avenue   PO Box 13326 Austin, TX 78711   512/936-7000   Fax: 512/936-7003  web site: www.puc.state.tx...

**ATTACHMENT I**

EXECUTION COPY

# INTERCONNECTION AGREEMENT
# UNDER SECTIONS 251 AND 252 OF THE
# TELECOMMUNICATIONS ACT OF 1996

by and between

## SOUTHWESTERN BELL TELEPHONE COMPANY

and

## QUICK TEL

THIS AGREEMENT CONTAINS A BINDING ARBITRATION AGREEMENT.

**QUICK TEL**
**AECN/OCN:** 8648

**SOUTHWESTERN BELL TELEPHONE COMPANY**

_Shirley Moran_
Signature

_Tony Cooper_
Signature

S H I R L E Y    M O R A N
Printed Name

**Larry B. Cooper**
Printed Name

PRESIDENT
Position/Title

‑‑GM Industry Markets
Position/Title

5-14-98
Date

6-5-98
Date

43

# MCCOLLOUGH AND ASSOCIATES, P.C.

W. Scott McCollough
wsmc@smccollough.com

1801 North Lamar, Suite 104
Austin, Texas 78701
(V) 512/485-7920  (FAX) 512/485-7921
http://www.smccollough.com

David Bolduc
bolduc@smccollough.com

October 9, 2000

James Galloway
Central Records
Public Utility Commission
1701 N. Congress
Austin, Texas 78701

Re: Docket No. _23134_, Interconnection Agreement Between R Tex Communications Group, Inc. d/b/a R Tex Communications and Southwestern Bell Telephone Company as Approved on October 13, 1999 in Project No. 16251, Order No. 55, Approving the Texas 271 Agreement (T2A)

Dear Mr. Galloway:

Enclosed for filing please find an original and two (2) copies of the signature page to the Interconnection Agreement between R Tex Communications Group, Inc. d/b/a R Tex Communications and Southwestern Bell Telephone Company as approved on October 13, 1999 in Project No. 16251, Order No. 55, approving the Texas 271 Agreement (T2A). R Tex Communications Group, Inc. and SWBT jointly request approval of this agreement.

Please do not hesitate to contact me if you have any questions. Thank you for your attention to this matter.

Sincerely,

W. Scott McCollough by: Carrie Keese

W. Scott McCollough
Counsel for R Tex Communications, Inc.

THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

by R Lang34   Rick LASH                    Willena D Slocum          10/3/00

Sign and Print Name:        Date          Sign and Print Name:        Date
                                          Willena D. Slocum

President                                 For/ President-Industry Markets
Position/Title                            Position/Title

**R Tex Communications Group, Inc. dba**   **Southwestern Bell Telephone Company**
**R Tex Communications**



**Pat Wood, III**
Chairman

**Judy Walsh**
Commissioner

**Brett A. Perlman**
Commissioner

**W. Lane Lanford**
Executive Director





## *Public Utility Commission of Texas*

---

TO:        W. Scott McCollough
           Counsel for R Tex Communications, Inc.
           McCollough and Associates, PC
           1801 North Lamar, Suite 104
           Austin, Texas 78701

           Southwestern Bell Telephone Company
           Contract Management
           ATTN: Notices Manager
           Four Bell Plaza, 9th Floor
           311 S. Akard Street
           Dallas, Texas 75202-5398

FROM:      Edward Vilano
           Hearings Examiner
           Office of Policy Development

DATE:      October 11, 2000

RE:        DOCKET NO. 23134 - Interconnection Agreement R Tex Communications Group,
           Inc. d/b/a R Tex Communications, Inc. and Southwestern Bell Telephone Company
           as Approved on October 13, 1999 in Project No. 16251, Order No. 55, Approving the
           Texas 271 Agreement (T2A)


    On October 9, 2000, the above referenced parties filed a Texas 271 Agreement (T2A) in
accordance with Order No. 55 in *Investigation of Southwestern Bell Telephone Company's Entry into
the Texas InterLATA Telecommunications Market*, Project No. 16251 (Oct. 13, 1999).   The
Commission acknowledges that the signed Agreement between SWBT and R Tex Communications
Group, Inc. d/b/a R Tex Communications, Inc. is effective by operation of law immediately upon the
date of filing.


q:\share\opd\docket\ica\23134t2a

# SWBT/ ROSEBUD COTTON COMPANY D/B/A ROSEBUD TELEPHONE INTERCONNECTION AGREEMENT AMENDED AS OF 03/07/00

THIS AGREEMENT CONTAINS A BINDING ARBITRATION AGREEMENT.

**ROSEBUD COTTON COMPANY**
**D/B/A ROSEBUD TELEPHONE**
**AECN/OCN#:** 4956

_Fred Becker_
Signature

Fred Becker
Printed Name

President
Position/Title

March 31, 1999
Date

**SOUTHWESTERN BELL TELEPHONE**
**COMPANY**

_Sandy Kinney_
Signature

**Sandy Kinney**
Printed Name

President – Industry Markets
Position/Title

4/8/99
Date

*24795*

# FOSTER & MALISH, L.L.P.

### ATTORNEYS AT LAW

MARK FOSTER†
CHRISTOPHER MALISH
†BOARD CERTIFIED ADMINISTRATIVE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

A REGISTERED LIMITED LIABILITY PARTNERSHIP
1403 WEST SIXTH STREET
AUSTIN, TEXAS 78703
(512) 476-8591
FAX (512) 477-8657
EMAIL: fostermalish@austin.rr.com

GOVERNMENTAL AFFAIRS CONSULTANTS:
MARTA GREYTOK**
HARRY M. SNYDER‡
‡ADMITTED IN KENTUCKY ONLY
**NOT ADMITTED TO PRACTICE LAW

October 5, 2001

**VIA HAND DELIVERY**

Filing Clerk
Central Records
Public Utility Commission of Texas
1701 N. Congress Ave.
Austin, Texas

RE:    Interconnection (T2A Agreement) between Rosebud Telephone LLC and Southwestern
Bell Telephone

Dear Sir or Madam:

Rosebud Telephone LLC and Southwestern Bell Telephone have executed the standard
T2A interconnection agreement as of October 3, 2001. Attached for filing with the Commission,
please find the original and two copies of the signature page of that agreement.

Also attached are an additional three copies which I ask be file-marked and returned to me
via the courier delivering this letter to you.

Please let me know if anything else is needed.

Very truly yours,

Mark Foster

ENC.
cc:    Mr. Fred Becker (w/ file-marked copy - via fax)
Ms. Willena Slocum, Director - Contract Management SWBT (w/ file-marked copy - via
fax 800-404-4548)

THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

_Frank Barker_  10/3/01
Sign and Print Name:        Date

_Willena D Slocum_  9-28-01
Sign and Print Name:        Date
Willena D. Slocum

___President___
Position/Title

For/ President-Industry Markets
Position/Title

**Rosebud Telephone, LLC**

**Southwestern Bell Telephone Company**

OCN/AECN# 4956

**Max Yzaguirre**
Chairman

**Brett A. Perlman**
Commissioner

**Rebecca Klein**
Commissioner

**W. Lane Lanford**
Executive Director



*Public Utility Commission of Texas*

PUBLIC UTILITY COMMISSION
FILING CLERK
01 OCT -9 PM 2:58
RECEIVED

TO:        Mark Foster
           Foster & Malish, LLP
           1403 West Sixth Street
           Austin, Texas 78703

           Southwestern Bell Telephone Company
           Contract Management
           ATTN: Notices Manager
           Four Bell Plaza, 9th Floor
           311 S. Akard Street
           Dallas, Texas 75202-5398

FROM:      Mark Gentle
           Administrative Law Judge
           Policy Development Division

DATE:      October 9, 2001

RE:        DOCKET NO. 24795 - Interconnection Agreement of Rosebud Telephone LLC and
           Southwestern Bell Telephone Company as Approved on October 13, 1999 in Project
           No. 16251, Order No. 55, Approving the Texas 271 Agreement (T2A)


On October 5, 2001, the above referenced parties filed a Texas 271 Agreement (T2A) in accordance with Order No. 55 in *Investigation of Southwestern Bell Telephone Company's Entry into the Texas InterLATA Telecommunications Market,* Project No. 16251 (Oct. 13, 1999). The Commission acknowledges that the signed Agreement between SWBT and Rosebud Telephone LLC was effective by operation of law immediately upon the date of filing.


q:\share\opd\dockets\ics\24795t2a

**2**

ATTACHMENT I

EXECUTION COPY

# INTERCONNECTION AGREEMENT
## UNDER SECTIONS 251 AND 252 OF THE
## TELECOMMUNICATIONS ACT OF 1996

by and between

# SOUTHWESTERN BELL TELEPHONE COMPANY

and

# TIN CAN COMMUNICATIONS, L.L.C.

- 33 -

THIS AGREEMENT CONTAINS A BINDING ARBITRATION AGREEMENT.

**TIN CAN COMMUNICATIONS.**
**COMPANY, L.L.C**
AECN/OCN: _7064_

_____
Signature

_JAMES T. J MARTIN_
Printed Name

_General Manager_
Position/Title

_8-27-97_
Date

**SOUTHWESTERN BELL TELEPHONE**
**COMPANY**

_____
Signature

**Larry B. Cooper**
Printed Name

**Executive Director-Competitive Provider Account Team**
Position/Title

NOV 2 1 1997
Date

44