**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ACCUTEL OF TEXAS, INC. ET AL., § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. B-02-054 |
| § | |
| SOUTHWESTERN BELL TELEPHONE L.P. § | JURY |
| Defendant. § | |

### PLAINTIFFS ACCUTEL OF TEXAS ET AL.'S MOTION FOR REMAND

1.  Plaintiffs, AccuTel of Texas *et al.*, respectfully show that the above-described action is not one of those which the District Courts of the United States have original jurisdiction, and it should be remanded to the 107th Judicial District Court of Cameron County, Texas, pursuant to 28 U.S.C. § 1447.

### ANALYSIS

2.  In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. *See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989). Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

2.  In this case, removal jurisdiction was based on 28 U.S.C. § 1441(b), allowing removal of actions "of which the district courts have original jurisdiction founded on a claim or right arising

1

under the Constitution, treaties or laws of the United States," without regard to the citizenship of the parties. Because removal jurisdiction is possible only where the federal district court would have had original jurisdiction over the case, and because the "arising under" language of § 1441(b) is almost identical to the language of 28 U.S.C. § 1331, the scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In determining removal jurisdiction under § 1441, as in determining original "arising under" jurisdiction, federal courts apply the "well-pleaded complaint" rule, pursuant to which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 392, 107 S.Ct. 2425.

**Because there is no Federal Question presented on the face of the plaintiff's properly pleaded complaint, this cause should be remanded to state court.**

3.      Southwestern Bell has removed this cause on federal question jurisdiction grounds, stating that plaintiffs are requesting an adjudication of the proper rate under the Federal Telecommunications Act of 1996 ("FTA") for processing certain electronic orders. But *that simply is not so.* The "proper rates" were already adjudicated by the Public Utility Commission of Texas in 1997, and plaintiffs' complain of Southwestern Bell's failure to charge those rates. A close examination of the plaintiffs' complaint shows that plaintiffs assert three causes of action, all of which are state law claims:

> to recover for defendant's acts and omissions which constitute false, misleading, or deceptive trade practices under the Texas Business and Commerce Code, Texas' Deceptive Trade Practices Act ( plaintiffs' first cause of action);

>     to recover monies paid under a state common law claim of unjust enrichment (plaintiffs' second cause of action); and
>
>     to recover damages arising from defendant's illegal and willful maintenance of monopoly power in violation of TEX. BUS. & COM. CODE ANN. §15.05, Texas' anti-trust statute (plaintiffs' third cause of action).

Thus it is clear from the face of plaintiffs' complaint that all their claims for relief are based on state law. Although Southwestern Bell attempts to re-frame the issues being litigated in this action to suit its own ends, it cannot thereby confer jurisdiction in the federal courts, nor can it choose the claims under which plaintiffs bring suit.

**No substantial federal question of great federal interest is raised by plaintiffs' complaint, nor is the resolution of a federal question necessary to the resolution of plaintiffs' state-law claims**

4.    The most important Supreme Court case to deal with the issue of federal court jurisdiction under 28 U.S.C. § 1331 in recent years is *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In that case plaintiffs sued for birth defects caused by a drug, and contended that the pharmaceutical company had violated federal law by failing to include proper warnings on the label. This violation of federal law, if proved, would have constituted a presumption of negligence under state law. The Supreme Court held that even though the violation of federal law might be a critical issue, no federal question jurisdiction was thereby created. *See id.* at 817, 106 S.Ct. 3229. The Court's holding in *Merrell Dow* left open the possibility of federal jurisdiction even in the absence of an express or implied federal cause of action, if a substantial federal question of great federal interest is raised by a complaint framed in terms of state law, and if resolution of that federal question is necessary to the resolution of the state-law claim. *See, e.g., id.* at 808-10 & n. 5, 813-14 & nn. 11-12, 106 S.Ct. 3229; *see also City of Chicago v. International*

*College of Surgeons*, 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (reaffirming that a case may "arise under" the laws of the United States if it requires resolution of a substantial question of federal law, even if state law creates the plaintiff's cause of action); *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir.1990) (noting that federal courts have jurisdiction in "only those cases in which a well-pleaded [c]omplaint establishes either that federal law creates the cause of action or that the plaintiff['s] right to relief necessarily depends on resolution of a substantial question of federal law" (emphasis added) (quoting *Franchise Tax Board*, 463 U.S. at 27-28, 103 S.Ct. 2841) (internal quotation marks omitted)).

5. In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Supreme Court further elaborated the circumstances under which a state-law claim "necessarily depends" upon a "substantial question of federal law." In that case, the Court held that a claim does not "arise under" the federal patent laws if the complaint states alternate theories for that claim, only one of which requires resolution of a patent-law question. *See id.* at 809-10, 108 S.Ct. 2166. Thus, *Christianson* suggests that there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question.[1]

6. Southwestern Bell appears to be claiming that there is federal court jurisdiction in this case by alleging that plaintiffs' well-pleaded complaint establishes that plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. Southwestern Bell shows

---

[1] *Christianson* dealt with the scope of the Federal Circuit's patent-law jurisdiction under 28 U.S.C. §§ 1295(a) and 1338(a), not the federal courts' general federal question jurisdiction under § 1331. The Court noted in *Christianson*, however, that it applies the same test to determine "arising under" jurisdiction under both §§ 1331 and 1338(a). *See Christianson*, 486 U.S. at 807-09, 108 S.Ct. 2166.

no evidence supporting its claim, but simply states this contention as a conclusion in its notice of removal. However, in its civil cover sheet (if we can use that as guidance for Southwestern Bell's position), Southwestern Bell does allege that plaintiffs are requesting an adjudication of the proper rate for processing certain electronic orders under the Federal Telecommunications Act of 1996 ("FTA"). Of course, as explained above, that simply is not so. Plaintiffs' well-pleaded complaint shows clearly that plaintiffs are seeking to recover for damages relating to Southwestern Bell's deceptive trade practices, state anti-trust violations, and to recover money had and received, none of which raise federal questions. The Federal Telecommunications Act, which Southwestern Bell relies on as the source of the "federal question" that it claims is central to this case, is only tangentially implicated by this suit: the FTA, by opening the local telephone market to competition, did create an environment in which plaintiffs could exist and function, but this is not a significant nexus to the issue before the Court. Similarly, while the prices in question are set by the Public Utility Commission of Texas in proceedings authorized by the FTA, plaintiffs are not complaining about those proceedings or challenging their outcome. This cause is simply an attempt to recover overcharges levied by Southwestern Bell in excess of those approved by the Public Utility Commission, and the award of damages of the type sought by plaintiffs in this case is outside both the scope of the FTA and the Public Utility Commission of Texas' jurisdiction.

7.      In view of *Merrell Dow* and *Christianson*, it is clear from plaintiffs' well-pleaded complaint that the *resolution* of a federal question is not *necessary* or *essential* to the resolution of plaintiffs' claims. While Southwestern Bell obviously hopes to **manufacture** a federal question or invoke a defense involving a federal question (*e.g.*, the charges, or method of determining the charges are unfair), it cannot confer federal question jurisdiction that way. *See Phillips Petroleum Co. v. Texaco,*

*Inc.* 415 U.S. 125 (1974). The federal question (if any) on the face of plaintiffs' well-pleaded complaint is not sufficiently substantial and disputed to invoke federal jurisdiction. At the end of the day, Southwestern Bell cannot meet its burden of showing that the district court has original jurisdiction, *see Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989), and thus the case should be remanded.

8.   It is clear from its face that plaintiffs well-pleaded complaint does not raise a federal question, and consequently it is obvious that the case should not have been removed. Accordingly, plaintiffs request their attorney's fees incurred in responding to this improper removal and in seeking to remand this action to the Cameron County District Court pursuant to 28 U.S.C. 1447(c).

**WHEREFORE**, plaintiff requests the following:

1.   That this action be remanded to the 107th Judicial District Court of Cameron County;

2.   That defendant be ordered to pay plaintiffs' attorney's fees incurred in responding to defendant's notice of removal pursuant to 28 U.S.C. 1447(c); and

3.   Such other relief to which plaintiffs show themselves to be entitled.

Respectfully submitted,

Mark Foster
Christopher Malish
Foster & Malish, L.L.P.
1403 West Sixth Street
Austin, Texas 78703
(512) 476-8591/(512) 477-8657/fax
By: *Christopher Malish by permission*
Christopher Malish
State Bar No. 00791164

AND

Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Blvd.
Brownsville, TX 78520
(956) 544-6571
(956) 544-4290

By: _____
Gilberto Hinojosa

Attorneys in Charge for plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Geoffrey Amsel, 1010 North St. Mary's Street, Room 1403, San Antonio, Texas 78215, by certified mail return receipt requested/via fax to 210.222.7194.

_____
Christopher Malish