United States District Court
Southern District of Texas
FILED

JUL 2 6 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ACCUTEL OF TEXAS, INC., ET AL. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-02-054 |
| | § | |
| SOUTHWESTERN BELL | § | |
| TELEPHONE, L.P. | § | |
| Defendant. | § | |

## MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

1.  The plaintiffs in this case move that the Court certify them as a class representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure, and that this litigation proceed as a class action. In support of this motion plaintiffs show:

2.  Movants are all "Competitive Local Exchange Carriers", or "CLECs" – businesses attempting to compete with Southwestern Bell in a local service area which Southwestern Bell currently dominates. Each is authorized to provide competitive local telephone service in Texas by the Public Utility Commission of Texas ("PUC"). The movants bring this action on their own behalf and on behalf of all persons similarly situated. The class which plaintiffs seek to represent is composed of all those Competitive Local Exchange Carriers ("CLECs") with less than $25 million in assets which have resold services provided by Southwestern Bell in Texas since 1997 and have paid Southwestern Bell more than the rates set out by the PUC for operation support systems ("OSS") functions, as set out in greater detail in Plaintiffs Original Petition.

3.  In addition to the plaintiffs named above, there are currently about 460 other similarly situated CLECs

1

currently authorized by the PUC to resell telephone service in Texas. However, not all of the entities currently certificated have resold Southwestern Bell services, and there may be entities now de-certified which have resold Southwestern Bell services since 1997.

4. The persons in the class are so numerous, consisting of approximately 460 class members, that joinder of all members is impracticable.

5. There are common questions of law or fact affecting the class. These questions include:

   a. whether the rates charged by Southwestern Bell were higher than the rates set out by the PUC for operation support systems ("OSS") functions;

   b. whether those overcharges were made deceptive practices as enumerated under the DTPA;

   c. whether those overcharges were unconscionable under the DTPA;

   d. whether those overcharges were made knowingly under the DTPA; and

   e. and whether those overcharges were part of a widespread and systematic attempt to acquire or maintain an illegal monopoly.

6. The claims of the movants are typical of the claims of the rest of the class in that Southwestern Bell is believed to have charged all plaintiffs and potential plaintiffs approximately the same amounts for the services in question.

7. Plaintiffs will fairly and adequately represent the interests of the class. In support of this proposition, movants show:

   a. Movants are members of the proposed class;

   b. Movants have expressed interest in representing the class;

   c. Movants are willing to pay the costs of notice and litigation;

    d.    Movants have hired the firm of Foster & Malish, L.L.P., which has extensive experience in public utility regulation and general litigation; and

    e.    Movants have no interests adverse to other members of the class.

8. The prosecution of separate suits by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

9. Moreover, the prosecution of separate suits by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of or would substantially impair or impede the interests of other members of the class who are not parties to the adjudications.

10. Furthermore, as shown above, common questions of law or fact predominate over any questions affecting only individual members. A class action in this case is superior to other available methods for the fair and efficient adjudication of the controversy because efforts at negotiation of these claims have failed and many individual class members lack sufficient resources to bring the action for themselves.

11. WHEREFORE, plaintiffs requests the Court to set this matter for hearing as soon as practicable and grant class certification as prayed for in this Motion.

        Respectfully submitted,

        Foster & Malish, L.L.P.
        1403 West Sixth Street
        Austin, Texas 78703
        (512) 476-8591
        (512) 477-8657/fax

        By: _____
            Christopher Malish

State Bar No. 00791164
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Geoffrey Amsel, 1010 North St. Mary's Street, Room 1403, San Antonio, Texas 78215, by certified mail return receipt requested/via fax to 210.222.7194, and Eduardo Rodriguez, P.O. Box 2155, Brownsville, Texas 78522 by certified mail return receipt requested/via fax to 956.541.2170 on this ___25th___ day of ___July 2002___.

_____
Christopher Malish