United States District Court
Southern District of Texas
FILED

AUG 2 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ACCUTEL OF TEXAS, INC. ET AL., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. B-02-054 | |
| § | | |
| SOUTHWESTERN BELL TELEPHONE L.P. § | JURY | |
| Defendant. § | | |

## PLAINTIFFS ACCUTEL OF TEXAS, INC., ET AL.'S MOTION FOR RECONSIDERATION OR NEW TRIAL

1. On August 7, 2002, the Court dismissed the above referenced cause. On August 13, 2002, the Court issued an opinion explaining the rationale behind the dismissal; the long and short of which was that this cause was being dismissed following the holding in *Millennium One Communications, Inc. v. Southwestern Bell Telephone L.P.*, (C.A. No. 3:02-CV-0527-L) (N. District Tx, April 16, 2002) because plaintiffs failed to exhaust their administrative remedies; because the PUC had primary jurisdiction; and because *one* of the many plaintiffs in this case arbitrated one of the issues before the Court at the PUC. Plaintiffs respectfully request that the Court reconsider its decision and at the least retain jurisdiction but abate the case, because its reliance on *Millennium One* is misplaced, and because the PUC does not have primary jurisdiction over this cause.

**This case should not be dismissed for lack of jurisdiction because, while it may lack appellate jurisdiction under the FTA, assuming a federal question is involved, this Court retains jurisdiction under 28 U.S.C. § 1441.**

2. The most glaring defect in *Millennium One*'s analysis is the assumption that the *sole basis* of jurisdiction for the court was *appellate* jurisdiction following an arbitration by the PUC under

1

the FTA. The *Millenium One* court completely ignored the fact that it ***nothing robbed it of jurisdiction under 28 U.S.C. § 1441***. Implicit in this Court's decision to consider the present cause and issue a determination is that it too has jurisdiction – under § 1441, not the FTA – to consider the federal question issues presented. Thus, this Court has concurrent jurisdiction with the PUC on any FTA questions presented in this dispute. This basic but critical fact is importance when we compare this Court's *overall* jurisdiction to that of the PUC for the purpose of determining which entity should exercise primary jurisdiction.

**Because the PUC has no jurisdiction to consider plaintiffs' state law DTPA and anti-trust claims, dismissing this cause, rather than abating it, jeopardizes plaintiffs' ability to pursue these claims at all because of potential statute of limitations concerns.**

3.  Assuming this Court has federal question jurisdiction over the FTA related claims in this suit, it would presumably be able to exercise ancillary jurisdiction over the remaining state law claims. In contrast, the PUC clearly lacks jurisdiction to rule on plaintiffs' state common law unjust enrichment, Deceptive Trade Practices, and anti-trust claims. *See, e.g., Southwestern Bell Telephone Co. v. Nash*, 586 S.W.2d 647, 649-650 (Tex. App. – Austin 1979). The PUC also specifically lacks jurisdiction to award consequential and punitive damages otherwise recoverable by plaintiffs under their state law claims. *See* 16 TAC 22.326 (h). Since these claims cannot be addressed by the PUC, there is a danger they will be lost under the applicable statute of limitations while the PUC considers those parts of plaintiffs' claims that it can. Consequently, should it be deemed appropriate to have the PUC determine parts of this case, the case should be abated until such time as the PUC has ruled on those parts within its jurisdiction, thus preserving plaintiff's claims which are not justiciable by the PUC..

**This case should not be dismissed because the "exhaustion of remedies" doctrine does not apply to this case, where the agency does not have jurisdiction over plaintiffs' claims and does not have the power to award plaintiffs the relief they are entitled to under the law.**

5. The exhaustion of administrative remedies doctrine determines whether a court has jurisdiction to review an agency action. The exhaustion doctrine states that no one is entitled to judicial review of an agency action until the prescribed administrative remedy has been exhausted. *See* TEX. GOV'T CODE ANN. § 2001.171; *Texas State Board of Examiners in Optometry v. Carp*, 343 S.W.2d 242 (Tex. 1961). Accordingly, the exhaustion doctrine does not apply where the agency lacks jurisdiction over the subject matter of the suit, *Westheimer Independent School District v. Brockette*, 567 S.W.2d 780 (Tex. 1978), nor is the exhaustion of administrative remedies required when the agency cannot give adequate relief, *Texas State Federation of Labor v. Brown & Root, Inc.*, 246 S.W.2d 938 (Tex. Civ. App. 1952, writ ref'd n.r.e.). Since the Texas PUC has no jurisdiction over plaintiffs' common law unjust enrichment, DTPA, and state anti-trust claims and no authority to give the relief requested, it would be improper to dismiss this cause on the grounds that plaintiffs failed to exhaust their administrative remedies. Again, if it would benefit the Court to have a ruling from the PUC on those issues within the PUC's jurisdiction, this Court should abate the case pending the PUC's deliberations of those issues.

**This case should not be dismissed because the Texas PUC does not have primary jurisdiction over plaintiffs' claims.**

7. When both the court and an agency have concurrent original jurisdiction, the doctrine of primary jurisdiction provides for suspending the judicial process whenever the enforcement of a claim involves the initial resolution of issues pending before an administrative body with special competence in those issues. *See United States v. Western Pac. R.R.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165 (1956).

There are two rationales underlying the doctrine: to promote uniform decision making and to assure expert administration of matters delegated to agencies by the legislature. *See Western Pacific*, 77 S.Ct. at 166. The doctrine is applied case-by-case and at the discretion of the court, based upon the court's analysis of how the underlying reasons for the doctrine fit the particular case before it. *Id.* However, there is an exception to the doctrine where the agency is powerless to grant the relief sought and make essential incidental findings. *See Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 96 S.Ct. 1978 (1976); *Foree v. Crown Central Petroleum Corp.* 431 S.W.2d 312, 315 (Tex. 1968); *Lake County Estates v. Toman*, 624 S.W.2d 677, 681 (Tex. App. – Fort Worth 1981, writ ref'd n.r.e.). Since the PUC lacks jurisdiction to rule on plaintiffs' state common law, Deceptive Trade Practices, and anti-trust claims, and cannot award the past overcharges and damages plaintiffs are entitled to under state law, it is senseless to refer the case to the PUC. However, as before, if it would benefit the Court to have a ruling from the PUC on those issues within the PUC's jurisdiction, this Court should abate the case pending the PUC's deliberations of those issues.

**WHEREFORE**, plaintiffs requests the following:

1. That this action not be dismissed, but, if necessary, abated, pending a ruling from the PUC on those issues within the PUC's jurisdiction; and

2. Such other relief to which plaintiffs show themselves to be entitled.

Respectfully submitted,

Mark Foster
Christopher Malish
Foster & Malish, L.L.P.
1403 West Sixth Street
Austin, Texas 78703
(512) 476-8591/(512) 477-8657/fax
By: _____

4

Christopher Malish
State Bar No. 00791164

AND

Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571
(956) 544-4290

Attorneys in Charge for plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Geoffrey Amsel, 1010 North St. Mary's Street, Room 1403, San Antonio, Texas 78215, by certified mail return receipt requested/via fax to 210.222.7194, and Eduardo Rodriguez, P.O. Box 2155, Brownsville, Texas 78522 by certified mail return receipt requested/via fax to 956.541.2170 on this _21st_ day of _August_.

_____
Christopher Malish